IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| ADOLFUS O'BRIAN GILES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 3:11-CV-164 (CAR) |
| WAL-MART STORES EAST, L.P. | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

ORDER ON MOTION TO DISMISS

Before the Court is Defendant Wal-Mart Stores East, L.P.'s ("Wal-Mart") Motion to Dismiss [Doc. 7]. Wal-Mart contends that the above-captioned suit is barred by the doctrine of *res judicata* and requests that this Court (1) dismiss this instant action with prejudice; (2) enjoin Plaintiff, proceeding *pro se*, from filing any additional lawsuits against Wal-Mart in this or any other federal court without first obtaining leave from the Court; and (3) impose sanctions on Plaintiff, including awarding Wal-Mart the costs and fees it incurred in filing this Motion. Plaintiff has filed a reply as well as a sur-reply. Plaintiff subsequently filed a Motion for Sur-Reply [Doc. 15]. Plaintiff's Motion for Sur-Reply [Doc. 15] is **GRANTED**. After reviewing the facts and the

1

parties' arguments, Wal-Mart's Motion to Dismiss [Doc. 7] is **GRANTED**.  In light of this Court's ruling, Wal-Mart's Motion to Stay [Doc. 16] is **DENIED as MOOT**.

## Applicable Standard

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint.  Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009).  To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.  Bell Atlantic Corp., 550 U.S. at 556.

A *pro se* plaintiff's pleadings are read liberally and the Court holds the plaintiff to a less stringent standard than pleadings by attorneys.  See Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976).  Although the Court must afford a *pro se* litigant wide leeway in pleadings, a *pro se* litigant still must allege sufficient facts in a

complaint to support a cognizable legal claim.  Excess Risk Underwriters. Inc. v. LaFayette Ins. Co., 208 F. Supp. 2d 1310, 1313 (S.D. Fla. 2002).

## Background

Plaintiff's 2009 Complaint

Plaintiff initially filed suit against his former employer, Wal-Mart, in this Court on February 9, 2009, alleging race and national origin discrimination (the "2009 Complaint").  See Giles v. Wal-Mart Distribution Ctr., No. 3:09-CV-18-CDL, Doc. 1 (M.D. Ga. Feb. 9, 2009).  Pursuant to Wal-Mart's Motion to Dismiss, or in the alternative, Motion for a More Definite Statement, the Court explained Rule 8 of the Federal Rules of Civil Procedure to Plaintiff and warned him that a failure to make a more definite statement would result in a dismissal of his complaint in accordance with Rule 12(e).  Giles v. Wal-Mart Stores E., LP, 3:09-CV-18-CDL, Doc. 8.  This Court eventually dismissed Plaintiff's 2009 Complaint with prejudice for failing to make a more definite statement.

The Court's decision to dismiss Plaintiff's 2009 Complaint with prejudice was affirmed by the Eleventh Circuit, which held that Plaintiff's amended Complaint was "a classic 'shot gun' pleading in that it [was] not possible to know which factual

3

allegations support which claims for relief." Giles v. Wal-Mart Distribution Ctr., 359 F. App'x 91, 93 (11th Cir. 2009) (per curium).  Noting the "guidance" and "clear warning" that this Court provided Plaintiff, the Eleventh Circuit held that Plaintiff had disobeyed this Court's Order by failing to submit a more definite statement.  Id.  Plaintiff appealed to the Supreme Court of the United States, which denied Plaintiff's Petition for Writ of Certiorari.  Giles v. Wal-Mart Distribution Ctr., 130 S. Ct. 3469 (2010) (mem.).

Plaintiff's 2010 Complaint

Close to a week after the Supreme Court denied Plaintiff's Petition, Plaintiff again filed a nearly identical Complaint against Wal-Mart in this Court (the "2010 Complaint").  Giles v. Wal-Mart Stores E., LP, No. 3:10-CV-42-CDL, Doc. 1 (M.D. Ga. Nov. 1, 2010).  Because the 2010 Complaint contained the same operative factual allegations as the 2009 Complaint, this Court dismissed Plaintiff's 2010 Complaint with prejudice under the doctrine of *res judicata*.  Giles v. Wal-Mart Stores E., LP, No. 3:10-CV-42-CDL, 2010 WL 4397008 (M.D. Ga. Nov. 1, 2010) (hereinafter "Giles II").

However, this Court declined to grant Wal-Mart either injunctive relief or award Wal-Mart with its costs and fees.  Giles II, 2010 WL 4397008 at *4.

This judgment was subsequently affirmed by the Eleventh Circuit.  Giles v. Wal-Mart Stores E,, LP, 426 F. App'x 816, 816 (11th Cir. 2011) (per curium) Id.  Doc. 13.  Plaintiff's Petition for Writ of Certiorari with the United States Supreme Court was denied.  Giles v. Wal-Mart Stores E., LP, 132 S. Ct. 521, 521 (2011) (mem.).

Instant 2011 Complaint

Now, Plaintiff has filed his third action against Wal-Mart for race and national origin discrimination based on the same facts alleged in his two previous complaints.  Wal-Mart seeks dismissal of the present Complaint based on *res judicata*.  Wal-Mart also seeks an injunction prohibiting Plaintiff from filing future similar complaints without first obtaining permission from the Court and its costs for filing this instant Motion.

**Discussion**

Plaintiff previously litigated this matter against Wal-Mart on two separate occasions.  Judge Land dismissed both actions with prejudice; the Eleventh Circuit

5

affirmed both of this Court's rulings and the United States Supreme Court denied both of Plaintiff's Petitions for Writ of Certiorari. Plaintiff argues that the instant Complaint is different because the Complaint does not include every claim that he had previously brought forth and because he now seeks a different recovery. However, Plaintiff's argument is irrelevant to the doctrine of *res judicata*.

The doctrine of *res judicata*, or claim preclusion, bars a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same. Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003) (citations omitted). This bar pertains not only to claims that were raised in the prior action, but also to claims that could have been raised previously. Id. (citing Trustmark Ins. Co. v. ESLU. Inc., 299 F.3d 1265, 1271 (11th Cir. 2002)). In determining whether the prior and present causes of action are the same, the court must decide whether the actions arise "out of the same nucleus of operative fact, or [are] based upon the same factual predicate." Davila, 326 F.3d at 1187 (quoting *In re* Piper Aircraft Corp., 244 F.3d 1289, 1297 (11th Cir. 2001)).

6

Here, Plaintiff's Complaint is based upon the same incident as his 2009 and 2010 Complaints. All of these Complaints therefore arose from the same nucleus of operative facts. Accordingly, Plaintiff's Complaint against Wal-Mart in the instant case is barred by the doctrine of *res judicata*. Plaintiff's Complaint against Wal-Mart is therefore **DISMISSED WITH PREJUDICE.**

Injunctive Relief

Wal-Mart again requests that this Court enter an Order enjoining Plaintiff from filing additional lawsuits against Wal-Mart in this or any other federal court, without first obtaining leave of Court.

In Giles II, this Court noted that a district court has jurisdiction to protect itself against abusive litigation, although such power should be exercised sparingly and judiciously. Giles II, No. 3:10-CV-42-CDL, 2010 WL 4397008, at *4. The Court accordingly refrained from enjoining Plaintiff because *res judicata* "adequately protect[ed] Defendant against repetitious litigation." Id. However, the Court warned Plaintiff that "if [he] fail[ed] to get the message next time, then injunctive relief, along with other sanctions, may be appropriate." Id.

7

Now, despite the Court's prior ruling, Plaintiff has again filed the same suit, based on the same facts, against the same Defendant.  In light of Plaintiff's persistently litigious behavior, the Court concludes that *res judicata* is too minimal of a protection against repetitive litigation.  Accordingly, Plaintiff, and any parties acting in concert with him or at his behest, are therefore **PERMANENTLY ENJOINED** from filing any further complaint in connection with the facts arising from Plaintiff's 2008 Charge of Discrimination that he filed with the U.S. Equal Employment Opportunity Commission ("EEOC") and which have formed the basis of his 2009 and 2010 Complaint as well as for this instant action.  The Clerk of Court is **DIRECTED** not to accept any future filing from Plaintiff Aldolfus O'Brian Giles against Defendant Wal-Mart without prior permission of this Court.

Attorney's Fees

In its previous Order, this Court also warned Plaintiff that, although filing *pro se*, the Court has "inherent power to assess attorney's fees against a party when the party acts in bad faith, vexatiously, wantonly, or for oppressive reasons." Giles II, No. 3:10-CV-42-CDL, 2010 WL 4397008, at *4 (M.D. Ga. Nov. 1, 2010) (quotation omitted).

The Court, however, declined to award attorney's fees due to Plaintiff's *pro se* status: "Although a Court's patience with *pro se* litigants has its limits, the Court should show some leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." Id. (quotation omitted).

Here, Wal-Mart requests that this Court impose sanctions on Plaintiff for violating Rule 11 of the Federal Rules of Civil Procedure. Wal-Mart argues that this claim is frivolous and repetitive, and ignores this Court's explicit warning that another filing would likely result in sanctions. See Giles II, No. 3:10-CV-42-CDL, 2010 WL 4397008, at *4 (M.D. Ga. Nov. 1, 2010).

Although Plaintiff is *pro se*, he nevertheless must comply with Rule 11. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Most relevantly under Rule 11, Plaintiff must "ascertain… that there is a reasonable basis for maintaining the action or position taken" in his filing. Brown v. Brock, No. 5:04-CV-339, 2005 WL 1843266, at *2 (M.D. Ga. Aug. 3, 2005). If a party fails to abide by Rule 11 and files an unwarranted claim, a court can sanction a party's misconduct. Fed. R. Civ. P. 11(c). In determining if Rule 11 sanctions are appropriate, the Court must first determine if the party's claims are

objectively frivolous in light of the facts and law, and then determine if the person who signed the pleadings should have been aware that the claims were frivolous had they made a reasonable inquiry. Pelletier v. Zweifel, 921 F.2d 1465, 1514 n.88 (11th Cir. 1991).

Here, the Court's patience with Plaintiff's litigious attitude has diminished considerably. Plaintiff yet *again* files a Complaint without the slightest adherence to this Court's previous Order. The Court is unsure how much more clearly it can state the consequences of such repetitive filings other than what it has already done in Giles II. Analyzing Plaintiff's actions under Rule 11, Plaintiff's claim is objectively frivolous as this is the second time that this Court has deemed this issue to be barred by the doctrine of *res judicata*. Additionally, the Court concludes that Plaintiff was with knowledge that the claim was barred. Accordingly, Plaintiff is **ORDERED** to submit a completed *In Forma Pauperis* form detailing his assets and liabilities, so that the Court might determine his ability to pay and assess appropriate sanctions. Additionally, Wal-Mart is **ORDERED** to submit a notice detailing the breakdown of the costs and

fees it incurred in filing this Motion. Both filings must be submitted no later than **February 27, 2012**.

## Conclusion

In conclusion, Plaintiff's Motion for Sur-Reply [Doc. 15] is **GRANTED.** Wal-Mart's Motion to Dismiss [Doc. 7] is **GRANTED**. Plaintiff, and any parties acting in concert with him or at his behest, are **PERMANENTLY ENJOINED** from filing any further complaint in connection with the facts arising from Plaintiff's 2008 EEOC Charge. The Clerk of Court is **DIRECTED** not to accept any future filing from Plaintiff Aldolfus O'Brian Giles against Defendant Wal-Mart without prior permission of this Court. Additionally, Plaintiff is **ORDERED** to **SUBMIT** a completed *In Forma Pauperis* form detailing his assets and liabilities, so that the Court might determine his ability to pay and assess appropriate sanctions. Wal-Mart is **ORDERED** to **SUBMIT** a notice detailing the breakdown of the costs and fees it incurred in filing this Motion. Both filings must be submitted no later than **February 27, 2012**. In light of this Court's ruling, Wal-Mart's Motion to Stay Proceedings pending this Court's Ruling on Wal-Mart's Motion to Dismiss [Doc. 16] is **DENIED as MOOT**.

**SO ORDERED,** this 6th day of February, 2012.

                                                    S/ C. Ashley Royal
                                                  C. ASHLEY ROYAL
                                                  UNITED STATES DISTRICT JUDGE

LMH