IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ADOLFUS O'BRIAN GILES, | : |
| Plaintiff, | : |
| v. | : |
| | : No. 3:11-CV-164 (CAR) |
| WAL-MART STORES EAST, L.P. | : |
| Defendant. | : |

## ORDER

Before the Court is *pro se* Plaintiff Adolfus Giles' Motion for Reconsideration[1] [Doc. 20]. After careful consideration, the Court concludes that Plaintiff's Motion for Reconsideration [Doc. 20] is **DENIED**.

On February 6, 2012, this Court dismissed what is now Plaintiff's third action because it was barred by the doctrine of res judicata. See Giles v. Wal-Mart Stores E., L.P., No. 3:09-CV-18-CDL, (M.D. Ga. Apr. 3, 2009), affirmed by 359 F. App'x 91, 93

---

[1] Plaintiff's Motion is entitled, "Motion for New Trial and Motion for Leave of Court." [Doc. 24]. Considering the circumstances under which Plaintiff's Motion is filed, the Court will construe this filing as a Motion for Reconsideration. However, to the extent that Plaintiff is requesting to file a fourth Complaint on the factual basis of his 2008 charge of discrimination, as the Court has permanently enjoined him from doing without first obtaining leave of court, Plaintiff's request for leave of Court is **DENIED**.

1

(11th Cir. 2009) (per curium), cert. denied 130 S. Ct. 3469 (2010) (mem.).  This finding is consistent with this Court's previous Order dismissing Plaintiff's second complaint, concluding that it also was barred by res judicata.  See Giles v. Wal-Mart Stores E., LP, No. 3:10-CV-42-CDL, 2010 WL 4397008 (M.D. Ga. Nov. 1, 2010) (hereinafter "Giles II"), affirmed by 426 F. App'x 816, 816 (11th Cir. 2011) (per curium), cert. denied 132 S. Ct. 521, 521 (2011) (mem.).

In dismissing this instant action, the Court granted Defendant's requests which the Court had Court had previously denied in Giles II: a permanent injunction against Plaintiff from filing any further complaint based on the same factual allegations without first obtaining prior permission of the Court and a monetary sanction for Plaintiff's repetitive and litigious behavior in an amount that has yet to be determined by the Court.

In the instant Motion,[2] Plaintiff argues that dismissing his action will prevent him from having any civil recourse in which to assert his claims and that his action will never be litigated on the merits.  Plaintiff contends that he has done a "good job" filing documents, meeting various deadlines, and following the Federal Rules of Civil

---

[2] Although Defendant's have not responded to this Motion, the Court concludes that, under the circumstances, it is unnecessary to await such a response as the proper resolution of this Motion is clear.

2

Procedure, and that his past errors should not bar this instant action. Finally, Plaintiff claims, quite cryptically, that he has discovered "new evidence." [Doc. 24].

A motion for reconsideration will be decided under Rule 59(e) of the Federal Rules of Civil Procedure. Ludwig v. Liberty Mut. Fire Ins. Co., No. 8:03–cv–2378–T–17–MAP, 2005 WL 1053691, at *3 (M.D. Fla. Mar. 30, 2005). Such a motion "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). Reconsideration of a previous order is an extraordinary remedy and should be employed sparingly. Region 8 Forest Servs. Timber Purchasers Council v. Alcock, 993 F.2d 800, 805-06 (11th Cir. 1993).

Reconsideration is justified when (1) there has been an intervening change in the law; (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered; or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. Richards v. United States, 67 F. Supp. 2d 1321, 1322 (M.D. Ala. 1999); McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Here, Plaintiff does not assert that there has there has been an intervening change in the law.  Additionally, Plaintiff's argument of "new evidence" is merely that he now understands the doctrine of res judicata.  Plaintiff's new understanding of the law, however, is insufficient "new evidence" to support reconsideration.  Finally, despite his allegations, Plaintiff has failed to show that the Court has made a finding of clear error of law or that the Court's Order would be a manifest injustice.  Accordingly, Plaintiff's Motion for Reconsideration [Doc. 20] is **DENIED**.

**SO ORDERED,** this 2nd day of March, 2012.

                                                S/ C. Ashley Royal
                                                C. ASHLEY ROYAL
                                                UNITED STATES DISTRICT JUDGE

LMH