IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ALDOFUS O'BRYAN GILES, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | No. 3:11-CV-164 (CAR) |
| WAL-MART STORES EAST, LP, : | |
| : | |
| Defendant. : | |
| _____ : | |

ORDER ON MOTION FOR LEAVE TO FILE AND
MOTION TO STRIKE

Before the Court is Plaintiff Aldofus Giles' *third* "Motion for Leave of the Court to File Complaint with the EEOC Right to Sue Forms" [Doc. 33], and Plaintiff's Motion to Strike [Doc. 37] all of his previous legal pleadings.

On February 6, 2012, the Court dismissed the above-styled action because Plaintiff's claims, based on his 2008 charge of discrimination with the Equal Employment Opportunity Commission, had previously been litigated on the merits against the instant Defendant, Wal-Mart Stores East, LP, in a separate proceeding before this Court. [Doc. 18]. Because the instant action was Plaintiff's third action

1

against Defendant based on the same 2008 Charge,[1] the Court permanently enjoined Plaintiff from filing another complaint on the basis of his 2008 Charge and directed the Clerk of Court to not accept any of Plaintiff's future filings without obtaining prior permission from the Court.  [Doc. 18].  At issue is the latest of Plaintiff's requests to file a complaint based on his 2008 EEOC Charge.  The Court has denied both of Plaintiff's prior motions for leave as the complaint he wished to file was barred by res judicata.

Motion for Leave of Court

This Motion marks Plaintiff's third Motion for Leave of Court to file his complaint based on his 2008 Charge.  Because this Court previously entered a final judgment on the merits of Plaintiff's cause of action, Plaintiff's proposed complaint is barred by res judicata.  See Giles v. Wal-Mart Stores E., L.P., No. 3:09-CV-18-CDL, (M.D. Ga. Apr. 3, 2009), aff'd, 359 F. App'x 91 (11th Cir. 2009) (per curiam) (dismissing Plaintiff's Complaint with prejudice for failing to comply with this Court's Order to make a more definite statement); see also Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc., 575 F.2d 530, 534 (11th Cir. 1978) ("It is clear that … a dismissal with prejudice at any stage of a judicial proceeding, normally constitutes a final judgment on the merits which bars a later suit on the same cause of action.").  Accordingly,

---

[1] The Court similarly dismissed Plaintiff's second action as it too was barred by res judicata. Giles v. Wal-Mart Stores E, L.P., 3:10-CV-42 (CDL), 2010 WL 4397008, *3 (M.D. Ga. Nov. 1, 2010).

Plaintiff's Motion for Leave of Court to File Complaint with the EEOC Right to Sue Forms [Doc. 33] is **DENIED**.

Motion to Strike

Plaintiff's next Motion, although disguised as a Motion to Strike, is not any different in substance to Plaintiff's previous frivolous motions. Plaintiff requests that this Court "eliminate all or portion[s] of the legal Pleading[s]" against Defendant in the instant and two prior actions, affording him the opportunity to relitigate his claims on the merits. [Doc. 37, p. 1]. Plaintiff justifies his Motion by blaming the Court and Clerk of Court for "misconduct," "treat[ing him] with negligence," and discrimination. [Doc. 37, p. 1-2].

The Court, however, lacks jurisdiction to alter any part of Plaintiff's previous filings, as a final judgment has been entered more than twenty-eight days from the date of this Order in all three actions, including the instant and most recent action which is currently on appeal in the Eleventh Circuit Court of Appeals. See Fed. R. Civ. P. 59(e) ("A motion to amend a final judgment must be filed no later than 28 days after the entry of judgment."). If Plaintiff was as good at Civil Procedure as he has purported to be, Plaintiff would have known that this Motion was *also* frivolous. Plaintiff's Motion to Strike [Doc. 37] is therefore **DENIED**.

3

Additional Considerations

The Court additionally acknowledges Plaintiff's apparent threat "to repeat this Motion [for leave of Court] infinite [sic]" if his motion is not granted. [Doc. 33, p. 4]. To be very clear, the Court will neither tolerate a party's vexatious and frivolous filing, nor will it tolerate a party's threat to continue such abusive filing practices. Considering the Court has recently sanctioned Plaintiff under Rule 11 of the Federal Rules of Civil Procedure for filing the instant action to begin with, Plaintiff should be familiar with the Rule's prohibition of filings that, in part, are filed "for any improper purpose, such as to harass." Fed. R. Civ. P. 11(b)(1).

In light of Plaintiff's history and clear intention to continue to burden this Court with the same frivolous filing and the Court's termination of Plaintiff's case, Plaintiff is **HEREBY BARRED from filing any more motions until Plaintiff first POSTS a $100.00 BOND** from which the Court will deduct monetary contempt sanctions of $100 for future frivolous filings**.** See May v. Shell Oil Co., 2000 WL 1276943, at *4 (S.D. Fla. Aug. 31, 2000) (enjoining serial filer from filing lawsuits without first posting a $1,500 contempt bond); May v. Hatter, 2001 WL 579782, at *2 (S.D. Fla. May 15, 2001) (collecting "Rule 11 bond" cases). This bond is in addition to the Court's previous Orders including the Court's requirement that Plaintiff seek leave of Court before

4

filing another complaint based on the 2008 charge against Defendant. [Doc. 18]. Additionally, should Plaintiff continue to clog the judicial channels of this Court with demonstrably frivolous purposes, Plaintiff is **HEREBY FOREWARNED** that further frivolous and abusive filings before this Court will be met with not only the deduction of the aforementioned bond, but also **more severe sanctions, including, but not limited to, criminal contempt and incarceration**.

**SO ORDERED,** this  30th day of March, 2012.

> S/  C. Ashley Royal
> C. ASHLEY ROYAL
> UNITED STATES DISTRICT JUDGE

LMH